■ ANDREW BRAGMAN, Appellant, v MARILYN BRAGMAN, Respondent. [732 NYS2d 376] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated May 23, 2000, as granted that branch of his motion which was to reduce that obligation only to the extent of reducing his child support obligation by $25 per week.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

Subsequent to the entry of the order appealed from, the plaintiff sought leave to discontinue this action. By order of the Supreme Court, Nassau County, dated November 29, 2000, leave to discontinue the action was granted on condition, *inter alia,* that the plaintiff's child support obligation, as modified by an order dated May 23, 2000, remain in full force and effect. The order dated November 29, 2000, further provides that the parties are free to apply for prospective relief in the Family Court.

Since the provisions of the order dated May 23, 2000, have been reaffirmed by the subsequent, unappealed, order dated November 29, 2000, the rights of the parties will not be directly affected by any determination regarding that prior order. Accordingly, the instant appeal is academic (*see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714). Furthermore, the issues raised on this appeal do not fall within any recognized exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne, supra,* at 714-715). Altman, J. P., Friedmann, Schmidt and Adams, JJ., concur.